### BLEWITT *v.* OLIN.[1]

*(Common Pleas of New York City and County, General Term.* February 4, 1889.)

PRINCIPAL AND AGENT—PERSONAL LIABILITY OF AGENT—UNDISCLOSED PRINCIPAL.

> A general agent is not personally liable on a contract made by a subagent on behalf of a common principal, where the principal was undisclosed at the time of the contract; it not appearing that credit was given to the general agent as an individual.

Appeal from city court, general term.

Action by James Blewitt against Stephen H. Olin for materials furnished to a building known as the "Rutland Flat." The general term of the city court affirmed the judgment of the trial term for plaintiff, and defendant appeals to this court.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Austen S. Fox* and *G. L. Rives* for appellant. *Isaac N. Miller*, for respondent.

LARREMORE, C. J. When this case was before us on the former appeal it presented a radically different state of facts. Evidence was offered upon the trial from which such former appeal was taken sufficient to support a finding that the defendant was trustee of a valid express trust, according to the requirements of the New York statutes. Our decision on such former appeal was based entirely on the assumption that defendant was a trustee within the strict statutory definition of the term. See the opinion *Blewitt* v. *Olin*, 13 N. Y. St. Rep. 76. Upon the present trial there was introduced merely a conveyance of the property in question to "Stephen H. Olin, as trustee for Minna De Kay." Neither the *habendum* clause nor any other portion of the instrument imposes upon the so-called "trustee" any active duty, and undoubtedly the effect of a deed so drawn would be to vest both the legal and equitable title directly in the *cestui que trust*. This point was conceded by all the judges who passed upon the case in its present form in the court below. We cannot go outside of the present record in deciding the present appeal. The evidence on the first trial, which tended to make the defendant out an actual trustee, was, from that point of view, of such significant character that it would seem that it must have been kept out of this trial by design. Even if it had been omitted by inadvertence, plaintiff would be obliged to take a new trial, and have it introduced in regular form, in order to get the benefit of it. For the purposes of this discussion, therefore, the legal *status* of the parties is as follows: Mrs. De Kay was the owner in her own right of the Rutland flat; the defendant was her general agent; and Sidney De Kay, the husband of the owner, was a subagent under the employment of the defendant. As

---

[1] Reversing 2 N. Y. Supp. 402.

defendant was not a trustee, it must be held either that he was an agent, or that, in the eyes of the law, he was a stranger to the whole controversy. The plaintiff sold and delivered the goods in question upon the contract and order of Sidney De Kay, the subagent. It is a familiar principle of the law of agency that when a liability is incurred by a person who, in the transaction, acted as the agent of an undisclosed principal, the claim may be enforced either against the agent or against said principal, when the latter is discovered. There are sound reasons for the rule giving the plaintiff his choice of defendants in such an action. The credit was given directly to the agent; therefore he ought to be held accountable for any loss. On the other hand, the undisclosed principal is the real party in interest, and expects to reap the result of the contract; and consequently there is just cause for holding him responsible if any mishap occurs. But what plaintiff claimed on the present trial was that a general agent is personally liable upon a contract made by a subagent for goods furnished to the principal of both agents. I know of no authority, and can perceive no equitable rule, which would support such a proposition of law. The general agent does not receive the benefit of the transaction, as in the case of an undisclosed principal, and cannot be charged on that ground. For an authority in point, see *Thomas* v. *Edwards*, 2 Mees. & W. 216. The only possible theory on which plaintiff could recover from defendant upon proof making the latter out to be an agent, and not a trustee, would be that defendant was agent for an undisclosed principal; that plaintiff sold the goods and gave the credit to defendant as an individual, and in ignorance of the fact that defendant was acting for or represented any other person. Even on such theory defendant would be entitled to go to the jury on the whole issue, and have them pass upon the question of plaintiff's knowledge of defendant's agency, as well as determine the actual contract made in the premises. The judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.